## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT LOUISVILLE

GARY DEWAYNE WEBER                                                         PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:14-CV-315-S

LOUISVILLE METRO POLICE DEPARTMENT                 DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Gary Dewayne Weber, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff's complaint names as Defendant the Louisville Metro Police Department. Plaintiff alleges that "the police" have been making problems, starting fights with "people" about Plaintiff, and following Plaintiff around. He states that "they just robbed me using the law." He continues: "[T]hey planted drugs on me in Carrollton then the police in Louisville help them to do it." He states that "they wont let me spong my records" and that they start fights with other people in the jail in Louisville and Carrollton. Plaintiff alleges that "they make it were I don't get a job they stay outside my job if I do and I have told other police and the bad wons keep turning up." He states that "they" attacked him "in jail the guards for no reason and kidnapping." He asks to press charges and for $75,000.

Plaintiff filed an amended complaint[1] which is nearly identical to the original complaint

---

[1] *See* Fed. R. Civ. P. 15(a) ("A party may amend its pleading once as a matter of course [before service of the complaint].").

except that it clarifies that he wishes to sue the Louisville Metro Police Department Second Division and also wishes to sue the Carrollton Circuit Court in Carrollton, Kentucky.

## II. ANALYSIS

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In the instant case, Plaintiff fails to provide material facts in support of any viable legal theory. Plaintiff fails to place either Defendant on notice as to any claim(s) against them, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds by Bell Atlantic Corp. v. Twombly*), and the complaint is simply too vague and sketchy to state a cause of action under any legal theory.

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v.*

2

*Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

Finally, Plaintiff may not ask this Court to press charges. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965), *cert. denied*, 384 U.S. 906 (1966). The Court does not have the power to direct that criminal charges be filed. *Peek v. Mitchell*, 419 F.2d 575, 577-78 (6th Cir. 1970); *Fleetwood v. Thompson*, 358 F. Supp. 310, 311 (N.D. Ill. 1972).

### III. CONCLUSION

The Court will enter an Order consistent with this Memorandum Opinion.

Date: August 1, 2014

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4411.009